IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**Actuarial Estate, PLLC,**<br><br>            Debtor. | **Case No. 24-00059-ELG**<br><br>**Chapter 11** |

### U.S. TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE

Gerard R. Vetter, Acting United States Trustee for Region 4, by counsel, moves this Court to convert this chapter 11 case to chapter 7 or in the alternative, to dismiss this case, whichever is in the best interests of the creditors and the estate.

In support of this motion the following representations are made:

1.  The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2.  This is a core matter.  28 U.S.C. § 157(b)(2)(A).

3.  On February 27, 2024, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Doc. No. 1.

4.  The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

5.  At the time of filing this Motion, the Debtor has failed to file a monthly operating report for the months of February and March 2024.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

1

6. The Debtor has also failed to respond to requests from the U.S. Trustee and provide certain reasonably requested documents to the U.S. Trustee, including but not limited to copies of insurance policies on the real property, copies of pre-petition bank statements, evidence of closing pre-petition bank accounts and opening of new DIP accounts, federal tax returns for 2023 and copies of financial statements. The U.S. Trustee has sent numerous inquiries to the Debtor, through counsel, which have gone unanswered.

## Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter". The Debtor has failed to file monthly operating reports for February and March 2024. Failure to file this report is grounds for conversion or dismissal of the case.

Under 11 U.S.C. § 1112(b)(4)(H) cause exists for "failure timely to provide information or attend meetings reasonably requested by the United States Trustee." As of the date and time of filing this Motion, the U.S. Trustee has still not received a complete response to his request and has not received, among other things, copies of the debtor's insurance policies, bank statements, evidence of closing pre-petition bank accounts, opening of new DIP accounts, federal tax returns for 2023 and copies of financial statements. Failure to provide such basic information is cause for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the

estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

      WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or dismiss this case.

April 23, 2024                                                 GERARD R. VETTER
                                                                         ACTING U.S. TRUSTEE, REGION 4

                                                                          By: */s/ Kristen S. Eustis*
                                                                          Kristen S. Eustis, Trial Attorney
                                                                          Federal Bar No. MD28984
                                                                          Office of the United States Trustee
                                                                          1725 Duke St., Suite 650
                                                                          Alexandria, VA 22314
                                                                          (703) 557-7227- Direct Dial
                                                                          Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

    I hereby certify that on April 23, 2024, I electronically filed the foregoing Motion to Convert or Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

William C. Johnson, Jr. wcjjatty@yahoo.com, wcjjatty@yahoo.com; johnsonwr90391@notify.bestcase.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

    I further certify that on April 23, 2024, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

| | |
|---|---|
| DC Office of Tax and Revenue<br>1101 4th Street SW, #270<br>Washington, DC 20024 | DC Water and Sewer Authority<br>PO Box 97200<br>Washington, DC 20090 |
| Internal Revenue Service<br>31 Hopkins Plaza<br>Baltimore, MD 21201 | PEPCO<br>P.O. Box 13608<br>Philadelphia, PA 19101 |
| Washington Gas<br>6801 Industrial Road<br>Springfield, VA 22151 | American Express<br>P.O. Box 1270<br>Newark, NJ 07101 |

                        */s/ Robert W. Ours*
                        Robert W. Ours
                        Paralegal Specialist